UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-80322-Civ-Hurley/Hopkins

JUFER TRINOS, et al.,

        Plaintiffs,

v.

QUALITY STAFFING
SERVICES CORP. et al.,

        Defendants.

_____/

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR A PROTECTIVE ORDER (DE 28)**

**THIS CAUSE** has come before this Court upon an Order referring discovery matters to the undersigned for final disposition. (DE 26).

This Court has before it Plaintiffs' Motion for a Protective Order to preclude Defendants from deposing the twelve named Plaintiffs. (DE 28). On April 18, 2008, this Court issued an Order to Show Cause based on Plaintiffs' failure to submit a memorandum of law in accordance with Local Rule 7.1.A.1. (DE 29). Plaintiffs' counsel defied the Court's Order to file a memorandum of law containing case law in support of the motion, and instead asked the Court to excuse Plaintiffs' failure to comply with the Rules because other Courts have overlooked such deficiencies in the past. (DE 31). Defendants responded to the motion on May 1, 2008 (DE 41) and Plaintiffs submitted a reply on May 9, 2008. (DE 42). The motion is now ripe for this Court's review.

**1. Background**

In their motion for a protective order, Plaintiffs contend that Defendants should be precluded from deposing them because they "have failed to demonstrate any reason" for taking the depositions. (DE 28 at pg 5). Plaintiffs also claim that by permitting the depositions to proceed at this stage, they would be prejudiced because they would likely be required to give a second deposition at a later date. (DE 28 at pg 6). Defendants counter that they need to depose the Plaintiffs in order to obtain information regarding the jurisdictional issues currently before the District Court in their pending dispositive motion.[1] Moreover, Defendants state that Plaintiffs' counsel previously agreed to these depositions. Attached to Defendants' response papers is a copy of the email exchanges between counsel demonstrating their agreement. (DE 37).[2]

**2. Discussion**

It is well settled that before a protective order may issue, the movant must show good cause why justice requires an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c) (2008). To make a showing of

---

[1] According to Defendants, Plaintiffs are not entitled to the protections of the FLSA because they were not "engaged in commerce or in the production of goods for commerce" and therefore, this Court does not have subject matter jurisdiction over this case. (DE 41 at pgs 13-14). Defendants have filed a motion for summary judgment on these grounds. (DE 10).

[2] By submitting evidence that Plaintiffs' counsel previously stipulated to the depositions, Defendants adequately responded to the Court's Order to Show Cause regarding Defendants' intent to depose more than ten witnesses without seeking prior leave of Court as required by Fed. R. Civ. P. 30(a)(2)(A). The Court further notes that although Plaintiffs' counsel now contends that he did not stipulate to the depositions (DE 42), this claim is belied by counsel's email, which indicates that the dispute was over the dates on which the depositions were to be held, not as to the depositions themselves.

good cause, the movant has the burden of showing the injury "with specificity." *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000). In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection. *See Cippollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *See Id*. (*citing United States v. Garrett*, 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978)(requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"); *Gen. Dynamics Corp. v. Selb Mfg. Corp.*, 481 F.2d 1204, 1212 (8th Cir. 1973); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035 (1970 & Supp.1985)). Moreover, the harm must be significant, not a mere trifle. *See Cippollone*, 785 F.2d at 1121 (*citing Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982).

Here, the Court is well within its rights to deny Plaintiffs' motion based solely on counsel's failure to appropriately respond to the Court's Order to Show Cause by submitting a memorandum of law citing supportive case law. However, even if the Court were to consider the merits of Plaintiffs' motion, it must be denied because the only prejudice Plaintiffs allege would result from allowing the depositions regarding jurisdictional issues to proceed at this stage is that they would then be required to give a second deposition at a later date regarding the merits of their FLSA claims. (DE 28 at pg 6). Defendants have negated this alleged prejudice by agreeing to forgo a second set of depositions at a later date. (DE 41 at pg 14). Thus, in the absence of any other demonstrated need for protection, Plaintiffs' motion must be denied. *See Cippollone*, 785 F.2d at1121 (without a showing of good cause or demonstrating a particular need for protection, a motion for a protective order must be denied).

Therefore, based on the foregoing, it is **HEREBY ORDERED AND ADJUDGED** that Plaintiffs' Motion for a Protective Order is **DENIED**. Defendants are entitled to take a single deposition for each of the twelve Plaintiffs and shall serve depositions notices in accordance with Local Rule 26.1.J.

**DONE and ORDERED** in Chambers this 14 day of May, 2008, at West Palm Beach in the Southern District of Florida.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record