UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-80322-Civ-Hurley/Hopkins

JUFER TRINOS, et al.,

                Plaintiffs,

v.

QUALITY STAFFING
SERVICES CORP. et al.,

                Defendants.

_____/

**ORDER DENYING PLAINTIFFS'
MOTION FOR A PROTECTIVE ORDER OR ALTERNATIVELY
FOR DEPOSITIONS BY REMOTE MEANS (DE 58)**

**THIS CAUSE** has come before this Court upon an Order referring discovery matters to the undersigned for final disposition. (DE 26).

This Court has before it Plaintiffs' Motion for a Protective Order to limit the depositions of the twelve named Plaintiffs, or in the alternative, for depositions by remote means. (DE 58). On July 1, 2008, the Court granted Defendants' request for an extension of time to respond to the motion. (DE 67). In accordance with that Order, Defendants responded to the motion on July 2, 2008 (DE 68) and Plaintiffs submitted a reply on July 6, 2008. (DE 69). The motion is now ripe for this Court's review.

## 1. Background

According to the Complaint, Plaintiffs are twelve people from the Philippines who were "brought to the United States by the Defendants in order to perform work for the Defendants' staffing company." (DE 58, pg 1). Plaintiffs contend that they were non-exempt employees under the Fair Labor Standards Act (FLSA), but Defendants refused to pay them for time they worked in excess of forty hours per week. (DE 1).

On April 9, 2008, Defendants noticed the depositions of all twelve Plaintiffs. (DE 58, pg 2). Although Plaintiffs attempted to preclude these depositions via a previous motion for a protective order (DE 28), the Court denied the motion and directed the depositions to proceed. (DE 47).[1]  In light of the Court's Order, Defendants sought to reschedule the depositions of the Plaintiffs, proposing to conduct one deposition per day for each of the twelve Plaintiffs between July 9, 2008 and July 24, 2008 at defense counsel's office in Plantation, Florida. (DE 58, pg 2, 3). Plaintiffs' counsel objected to the proposed schedule, claiming that Defendants were in essence "requesting eighty (80) plus hours worth of deposition times, which was clearly unreasonable given the nature of this case." (DE 58, pg 3).

Plaintiffs' counsel states that his clients "have no funds," reside "throughout the State of Florida" and have "no modes of transportation." (DE 58, pg 3-4). Plaintiffs' counsel also states that his law firm is small and the proposed deposition schedule would cause "an undue burden and expense" in that it would "essentially shut [his] office down for two and a half weeks." (DE 58, pgs 3, 6). Plaintiffs claim that the deposition notices "completely disregard[]" their requests to conduct

---

[1]  The Court declines Defendants' suggestion to construe the instant motion as one for reconsideration of Plaintiffs' initial motion for a protective order. (DE 28). The Court finds the motions to be separate and distinct because of their procedural posture and the relief sought.

the depositions "at or around the current location of each Plaintiff."  (DE 58, pgs 3-4).

With the instant motion, Plaintiffs' counsel suggests a variety of methods in which to limit Plaintiffs' depositions.  Specifically, Plaintiffs request an Order "requiring any of the following options: (1) conduct depositions at or around the Plaintiffs' current location; (2) conduct telephonic depositions; (3) conduct videotaped depositions; (4) conduct at least three depositions per day to assist the Plaintiffs in traveling to Plantation; or (5) require the Defendants to set one deposition and conduct that deposition appropriately to gage how long each Plaintiff will need to be deposed, with the Court reviewing the deposition transcript to determine whether the time used was necessary." (DE 58, pgs 12-13).

In their response papers, Defendants state that they cannot agree to conduct depositions at locations near the Plaintiffs because their attorney has failed to inform Defendants where his clients are located.  (DE 68, pg 3).  Defendants object to telephonic depositions because in defense counsel's experience, the costs associated with telephonic depositions are significant and will amount to "thousands of dollars." (DE 68, pgs 3 and 14).  Defendants also object to telephonic depositions because such would deprive them of the opportunity to see the demeanor of the deponent.  (DE 68, pg 14).  However, Defendants state that they are "willing to take a deposition or two to gage how long these depositions will last, as the[] first couple should give the parties an indication as to their length so Plaintiffs' counsel can plan a schedule around the future depositions accordingly."  (DE 68, pg 11).

**2. Discussion**

At the outset, the Court notes that the discourse between counsel in this case has deteriorated to the point that they are no longer communicating by telephone.  In a footnote to his motion, Plaintiffs' counsel, without providing any detail, "certifies that a good-faith effort was made to resolve this matter." (DE 58, pg 7, n. 4).  However, according to defense counsel, Plaintiffs' counsel has refused to confer over the telephone, thereby rendering good faith attempts at resolution of their disputes all but impossible.  (DE 57, pg 5-6).  The Court finds that by refusing to engage in telephonic discussions, Plaintiffs' counsel has not engaged in a good faith attempt to resolve this dispute without Court intervention as required by Local Rule 7.1(A)(3), and the Court is entitled to deny the motion on these grounds alone.  *See Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186-87 (3rd Cir. 2003)(court found that Plaintiff's counsel's refusal to discuss disputes with defense counsel over the telephone before invoking court intervention did not constitute a good faith conferral);  *Hawaii Disability Rights Center v. Cheung,* 2007 WL 2874842, *3 (D. Hawaii Sept. 27, 2007)(court denied motion where movant did not file a certificate of compliance with meet and confer rule, but rather made a only a "passing reference" at attempts to resolve dispute).  Counsel are advised that the Court will deny any future motions that do not contain a certificate of compliance with the meet and confer rule and that such conferral must include at least an attempt at a telephone conference before the motion is filed.

As to the merits of Plaintiffs' motion for a protective order, the Court finds them to be lacking as well.  The Federal Rules state that before a protective order may issue, the movant must show good cause why justice requires an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense."  *See* Fed. R. Civ. P. 26(c) (2008).  To

make a showing of good cause, the movant has the burden of showing the injury "with specificity." *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000). In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection. *See Cippollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *See Id.* (*citing United States v. Garrett*, 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978)(requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"); *Gen. Dynamics Corp. v. Selb Mfg. Corp.*, 481 F.2d 1204, 1212 (8th Cir. 1973); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035 (Supp.1985)). Moreover, the alleged harm must be significant, not a mere trifle. *See Cippollone*, 785 F.2d at 1121 (*citing Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982).

Additionally, courts should only limit discovery "based on *evidence* of the burden involved, not on a mere recitation that the discovery request is unduly burdensome." *Pacific Gas and Elec. Co. v. United States*, 69 Fed. Cl. 323, 325 (Fed. Cl. 2005)(citation omitted)(emphasis added). *See also Speed Trac Technologies, Inc. v. Estes Exp. Lines, Inc.*, 2008 WL 2309011, *5 (D. Kan. June 3, 2008)("party asserting undue burden must present an affidavit or other evidentiary proof of the time or expense involved"); *United Oil Co., Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 413 (D. Md. 2005)(burdensomeness objection must be supported with a "formal affidavit").

Here, Plaintiffs have not provided any affidavits or evidence to support their claims that the proposed depositions would constitute an undue burden. Indeed, Plaintiffs' counsel has failed to provide even such minimal information as the location of his clients' residences. Moreover, counsel has failed to submit any sworn statements as to his clients' financial situations or affidavits from

them explaining exactly how the proposed depositions would unfairly burden them.  Without this information and affidavits, the Court cannot properly assess Plaintiffs' burdensomeness arguments. *See E.E.O.C. v. Bay Shipbuilding Corp.*, 668 F.2d 304, 313 (7th Cir. 1981)(court found there was no undue burden where company failed to present any affidavits to support its assertion); *Speed Trac Technologies, Inc.*, 2008 WL 2309011 at *5 (court overruled burdensomeness objection where party failed to provide "detailed explanation, affidavit or other evidence" supporting its claim).

Moreover, the general rules pertaining to depositions weigh in Defendants' favor.  As to the length of the deposition, under Rule 33(d)(1), parties are entitled to conduct depositions lasting up to seven (7) hours.  *See* Fed. R. Civ. P. 33(d)(1).  With regard to the location of a deposition, defendants are generally "entitled to depose a plaintiff in the forum where the plaintiff has chosen to sue." *Luna v. Del Monte Fresh Produce (Southeast), Inc.*, 2007 WL 1500269, *2 (N.D. Ga. May 18, 2007)(*citing McGinley v. Barratta*, 2006 WL 2346301 *1 (E.D. Pa. 2006)("Normally, a plaintiff will be required to make himself or herself available for examination in the district in which the suit was brought because the plaintiff selected the forum.")).  *See also Williams v. Sprint/United Management Co.*, 2006 WL 1867471, *3 (D. Kan. June 30, 2006) ("Absent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the depositions of out-of-town plaintiffs be taken telephonically is not warranted.").[2]

Of course, if a plaintiff demonstrates "hardship or burden that outweighs any prejudice to the

---

[2]  To the extent Plaintiffs rely on *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 431 (M.D.N.C. 1986) to support their claim that telephonic depositions are warranted here, the Court notes that *Jahr* involved the deposition of a non-party, as opposed to the deposition of a plaintiff, which is a significant distinguishing fact.  *See Williams*, 2006 WL 1867471 at *3 (court found *Jahr* "unpersuasive" because it "dealt with a nonparty witness, not a plaintiff who was seeking monetary and other benefits from the litigation")(internal quotations and citations omitted).

6

defendant, the general rule requiring a plaintiff to appear for deposition in the forum may yield to the exigencies of the particular case." *Luna*, 2007 WL 1500269 at *2 (*citing Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592 (S.D.N.Y. 1994)(court can dispense with general rule "if special circumstances are shown, such as hardship or burden to the plaintiff, which outweigh any prejudice to the defendant;" thus, the court must conduct "a careful weighing of the relevant facts")). *See, e.g. R.S. ex rel. S. v. Ridgefield Board of Education,* 2008 WL 1989774, *2 (D. Conn. May 5, 2008)(court conducted balancing test to determine whether a deposition should be conducted via video-conference rather than require witness to travel; court found that neither party "overwhelmingly demonstrated that the equities favor their side" and directed parties to share travel expenses).

Here, Plaintiffs have put forth insufficient evidence for this Court to depart from these general rules or to find that a weighing of the equities justifies the entry of a protective order. Accordingly, the general rules governing depositions should apply.

Finally, defense counsel has agreed to delay scheduling all of the depositions until after the first two depositions are conducted so that the parties can assess how much time will be needed for the remaining depositions.  The Court considers this to be a reasonable accommodation of Plaintiffs' counsel's scheduling concerns.

Therefore, based on the foregoing, it is **HEREBY ORDERED AND ADJUDGED** that Plaintiffs' Motion for a Protective Order is **DENIED**.

**DONE and ORDERED** in Chambers this 7 day of July, 2008, at West Palm Beach in the

Southern District of Florida.

_James M. Hopkins_
_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record